THIRD DISTRICT—MARCH, 1912.     23

Mardis v. St. Louis & Springfield Ry. Co., 171 Ill. App. 23.

### Eva Mardis, Appellee, v. St. Louis & Springfield Railway Company, Appellant.

1. VERDICTS—*when excessive.* A verdict for $750 for personal injuries is excessive and a remittitur of $250 should be required where it rests almost entirely on the testimony of the plaintiff and a witness who is her employer, which it seems exaggerates the damages and is unreliable, and where physicians testify that the injury is not permanent, that plaintiff was incapacitated and suffered for about six weeks, and that her actual expenses were $66.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 15, 1912.

GRAHAM & GRAHAM, for appellant.

A. M. FITZGERALD, for appellee; GILLESPIE & FITZGERALD, of counsel.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff sues the defendant to recover for alleged injuries claimed to have been sustained by her by reason of the alleged negligence of defendant in starting a car on its interurban line when plaintiff was about to board said car, by the sudden jolting and starting of the car, whereby she was thrown against the car and injured. She recovered a judgment for seven hundred and fifty dollars, from which defendant appeals.

The declaration in this case charges the defendant with being the owner of and operating the line of railroad described in the declaration, and that while plaintiff was attempting to board said car at the corner of Spring and Allen Streets in the city of Springfield the car was started without warning to her, with a sudden and violent jerk, whereby plaintiff was thrown against the platform of said car, or the car

was caused to strike against her, and her knee was injured in such a manner as to cause the damage for which this action is brought.

The only ground urged by defendant for reversal is that the damages are excessive; and it being conceded in the argument of counsel for defendant that plaintiff is entitled to recover, the only question for this court to determine is whether or not, upon this record, the damages are excessive.

While it is the general rule that this court will not substitute its judgment for that of a jury upon questions of fact, this rule must be subject to the limitation that where the court, from the record, must hold that plaintiff has not sustained injuries which will justify rendering judgment for the amount of damages returned by the jury.

Upon this record, this court is compelled to arrive at the conclusion that the damages alleged to have been sustained by plaintiff have been more or less exaggerated by plaintiff and witnesses who have testified to the extent of this injury. In order to affirm this judgment, it would be necessary to rely almost wholly upon the testimony of the plaintiff and one Crum, by whom plaintiff had been employed as housekeeper for several years. There was no eye witness other than the plaintiff to this injury, and the statements made by her as to how or in what manner the injury occurred are so conflicting that it leaves considerable question as to whether or not she was injured in the manner in which she claims.

The record discloses that plaintiff had for a considerable length of time prior to this time been suffering from and receiving medical treatment for a nervous disposition and condition which would have, according to the testimony of the physicians, a great tendency to cause her to exaggerate the injuries received by her; and the record discloses that the witness Crum had taken a very active interest in this case, was endeavor-

ing to act as agent of plaintiff in trying to secure a settlement, and cannot be considered as an impartial witness.

The evidence, of the physicians who testified, is that there is no permanent injury, that plaintiff suffered with this injury and was incapacitated from her work for about six weeks, but that all of her ailments during that time was not due to this injury, and with the exception of six weeks during which she was incapacitated the plaintiff has been able to perform all of her duties as housekeeper for Mr. Crum and his three children, in a house of ten rooms, and has done all of the work except the washing. The actual expenses of the plaintiff, including doctor's bills, was only sixty-six dollars, and she has been treated by two doctors.

From a careful examination of this record, we are compelled to arrive at the conclusion that the trial court should have required plaintiff to have remitted two hundred and fifty dollars from this verdict, and the plaintiff will be required in this court to enter a remittitur of two hundred and fifty dollars within ten days, and upon the entering of such remittitur the judgment will be affirmed for five hundred dollars. Upon the failure or refusal of the plaintiff to enter such remittitur within ten days, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*